# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JACKIE SPEARMAN (# T1339)  PETITIONER

v.  No. 3:06CV90-D-A

WARDEN RAYMOND BYRD, ET AL.  RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jackie Spearman for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as procedurally defaulted.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Delta Correctional Facility in Greenwood, Mississippi. He pled guilty to the sale of cocaine in the First Judicial District of the Circuit Court of Yalobusha County, Mississippi. He was sentenced as a habitual offender May 10, 2005, to serve a term of ten years in the custody of the Mississippi Department of Corrections with five years post-release supervision. The court ordered that the sentence run concurrent to the sentence imposed in Yalobusha County Circuit Court Cause No. 2004-4-L(Y1) for a second charge of sale of cocaine.

By *pro se* pleading filed September 23, 2005, the petitioner sought post-conviction relief in the Circuit Court of Yalobusha County. The trial court denied post-conviction relief October 24, 2005. The petitioner filed a timely notice of appeal and was granted leave to proceed *in forma pauperis* on November 21, 2005. However, prior to the appellate court's review of his

case on the merits, the petitioner filed a "Motion to Dismiss Appeal Pending" in the Mississippi Supreme Court on February 6, 2006. Spearman's appeal was dismissed on his own motion. (Miss. S. Ct. Cause No. 2005-CP-2166).

On March 9, 2006, the petitioner attempted to file a second motion for post-conviction relief in the Yalobusha County Circuit Court. On March 17, 2006, the trial court directed the Clerk to return the motion as unfiled until payment of filing fees, finding that the motion improperly attacked two judgments in one pleading and that the motion was successive. The petitioner did not appeal the trial court's March 17, 2006, order.

The petitioner once again attempted to file a motion for post-conviction relief in April, 2006. That motion was also returned unfiled until payment of filing fees per order of the trial court. The trial court found that the motion was a successive petition under MISS. CODE ANN. § 99-39-27(9) and that the petitioner had not proved any of the exceptions to the statute permitting the court to review his claims. The petitioner timely filed a notice of appeal and a motion to proceed *in forma pauperis*, which was denied May 30, 2006. The Mississippi Supreme Court also denied the motion to proceed *in forma pauperis* in that court in an Order filed June 27, 2006. (Miss. S. Ct. Cause No. 2006-TS-00882). The Clerk of the Court issued a deficiency notice on June 28, 2006. The petitioner then filed a Motion to Consolidate this appeal with the appeal of his post-conviction pertaining to his other sale of cocaine charge, and that motion was denied by Order filed July 18, 2006. The petitioner never corrected the deficiency by paying the costs of the appeal, and the appeal was dismissed by the Mississippi Supreme Court Clerk's Office on August 3, 2006. (Miss. S. Ct. Cause No. 2006-TS-00882).

Spearman filed a federal petition for a writ of *habeas corpus* in this court on July 3, 2006. In it, he raised the following claims (as stated by the petitioner):

    A.    **Ground One** - Ineffective Assistance of Counsel.

    B.    **Ground Two** - Defective Indictment.

    C.    **Ground Three** - Illegal Habitual Sentence.

    D.    **Ground Four** - Involuntary Plea of Guilty.

**Procedural Default**

None of the petitioner's federal *habeas corpus* claims have been presented to the state's highest court in a procedurally proper manner. Therefore, the petitioner has not exhausted his state remedies, and this court cannot rule on these issues. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). In addition, the petitioner can no longer meet the exhaustion requirement because he has procedurally defaulted his claims in state court. He did so initially by moving to dismiss the appeal from the denial of his first motion for post-conviction relief – and later by failing to appeal the lower court's denial of relief (as to his second motion) and failing to pay the costs of the appeal (as to his third motion). Therefore, the petitioner has missed his opportunity for the Mississippi Supreme Court to consider those claims. In addition, the trial court's decision denying the petitioner's first motion for post-conviction relief was a final order. Thus, the petitioner is precluded by statute from filing a successive petition in state court (as the trial court correctly found in denying the second and third motions for post-conviction relief). MISS. CODE ANN. § 99-39-23(6); MISS. CODE ANN. § 99-39-27(9); *see also Sneed v. State,* 722 So. 2d 1255, 1256 (Miss. 1998); *Buice v. State,* 751 So. 2d 1171 (Miss. Ct. App. 1999), *reh'g denied,* Feb. 8, 2000. Further attempts to file motions for post-conviction relief would likewise

be dismissed as procedurally barred. Spearman permitted his available state court remedy to lapse; as such, no avenues to pursue his claims in state court remain. Therefore, these claims are procedurally defaulted. *Jones v. Jones,* 163 F. 3d 285, 296 (5th Cir. 1998).

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. *Sones v. Hargett*, *supra*; *see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998). In this circumstance, federal *habeas corpus* review of those claims is precluded unless the petitioner demonstrates either cause for his default and prejudice resulting from applying the default – or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule).

The petitioner has not even argued that he had cause for defaulting his claims in state court; as such, the court need not discuss whether the petitioner would be prejudiced by application of the default. *Martin v. Maxey*, 98 F.3d at 849. The petitioner failed to pay the costs of his appeal – and thus failed to give the state's highest court an opportunity to review his claims. Finally, there will be no "fundamental miscarriage of justice" if the petitioner's claims are not heard on the merits because the petitioner has not shown, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner testified under oath that he in fact sold cocaine. Having testified under penalty of perjury that he committed the crime, he cannot now argue that he is actually innocent of the crime. This case does not meet the standard required to assert that a fundamental miscarriage of justice will result if the petitioner's claims

are not considered on the merits.

As discussed above, the all of the claims in the instant petition for a writ of *habeas corpus* shall be dismissed as procedurally defaulted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of April, 2007.

        /s/ Glen H. Davidson
        CHIEF JUDGE